FILED
2019 Sep-13 PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEANETTE BENNETT, et al., ] | |
| Plaintiffs, ] | |
| v. ] | CIVIL ACTION NO. |
| ] | 2:18-CV-00852-KOB |
| CIT BANK, N.A., et al., ] | |
| Defendants. ] | |

## MEMORANDUM OPINION AND ORDER

This dispute over insurance proceeds comes before the court on Defendant Foremost Insurance Company's motion to dismiss Plaintiffs Jeanette Bennett's and Maggie Bell's claims against the insurance company. (Doc. 66). As further explained below, Foremost fulfilled its contractual obligations by issuing the check for the insurance proceeds and the dispute over those proceeds does not involve Foremost. So the court will grant Foremost's motion to dismiss it from this case.

Foremost brings its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), a defendant can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The complaint will survive the motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be "plausible on its face," it must contain

1

enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, on a motion to dismiss, the court accepts as true the factual allegations in the complaint. *Id.*

Here, the facts pertinent to the claims against Foremost are brief. In their amended complaint, Plaintiffs allege that Foremost issued a homeowner's insurance policy to Plaintiffs that covered damage to their house. The declarations page in the policy named Defendant CIT Bank as the mortgagee for the house. (Doc. 63 at ¶ 51). And the policy stated that "[a]n insured loss will be payable to the mortgagees named on the Declarations Page, to the extent of their interest and in their order of precedence." (*Id.* at ¶ 54).

A fire damaged Plaintiffs' house shortly before CIT sold the house to Defendant Federal National Mortgage Association at foreclosure. Plaintiffs, CIT, and Fannie Mae filed claims for the fire damage under the Foremost insurance policy. Foremost issued a two-party proceeds check for the fire damage claim in the amount of $62,262.13. (Doc. 63 at ¶ 90). The check named CIT and Plaintiffs as payees. (*Id.* at ¶¶ 90, 94). Plaintiffs allege that CIT endorsed and deposited the check into its account without Plaintiffs' signature and transferred some or all of those funds to Fannie Mae. (*Id.* at ¶¶ 103, 108).

From these facts, Plaintiffs bring two claims against Foremost: (1) breach of

contract for allegedly breaching the insurance policy; and (2) declaratory judgment that only Plaintiffs are entitled to the insurance proceeds. (Doc. 63 at 17–20). The court will dismiss both claims.

First, no dispute exists that the insurance policy specifically required Foremost to make the insurance proceeds check payable to CIT as the designated mortgagee in the policy. (Doc. 63 at ¶¶ 51, 54). Foremost did exactly what the policy required. Foremost also made the check payable to Plaintiffs, and Plaintiffs do not allege that Foremost breached the policy by doing so. In fact, Plaintiffs do not assert any specific contractual requirement that Foremost allegedly breached. Thus, the court **GRANTS** Foremost's motion to dismiss the breach of contract claim and **DISMISSES WITHOUT PREJUDICE** that claim.

Second, as to the declaratory judgment claim, a declaration of what interest Plaintiffs, CIT, and/or Fannie Mae have in the insurance proceeds has no bearing whatsoever on Foremost. Foremost issued the check as it was required to do under the insurance policy; the other parties' dispute over the proceeds has no relevance to Foremost's obligations. Put simply, the dispute over the proceeds does not involve Foremost. So the court **GRANTS** Foremost's motion to dismiss the declaratory judgment claim against it and **DISMISSES WITHOUT PREJUDICE** that claim against Foremost.

Having dismissed all claims against Foremost, the court **DIRECTS** the clerk

to terminate Foremost as a defendant in this case. The case will proceed with CIT and Fannie Mae as defendants.

**DONE** and **ORDERED** this 13th day of September, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE