UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEANETTE BENNETT, et al., ] | |
| ] | |
| Plaintiffs, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. |
| ] | 2:18-CV-00852-KOB |
| CIT BANK, N.A., et al., ] | |
| ] | |
| Defendants. ] | |

## MEMORANDUM OPINION

This dispute over an insurance proceeds check comes before the court on Defendants CIT Bank, N.A.'s and CIT Group, Inc.'s partial motion to dismiss. (Doc. 73). Defendants contend that Plaintiffs Jeannette Bennett and Maggie Bell have not alleged any facts against CIT Group or stated a plausible claim for conversion of the proceeds check. For the following reasons, the court disagrees that Plaintiffs have not stated any facts against CIT Group, but agrees that Plaintiffs have not stated a plausible claim for conversion. So the court will deny in part and grant in part the motion to dismiss.

I. **STANDARD OF REVIEW**

Defendants move to dismiss part of the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), a defendant can move to dismiss a complaint for "failure to state a claim upon which relief can

1

be granted." The complaint will survive the motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be "plausible on its face," it must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, on a motion to dismiss, the court accepts as true the factual allegations in the complaint. *Id.*

## II. BACKGROUND

Plaintiffs inherited a house from their mother, Catherine Getaw, subject to a mortgage serviced by Defendant CIT. A homeowner's property insurance policy issued by Foremost Insurance Company covered the house. The insurance policy named Ms. Getaw as the insured and CIT as mortgagee.

After Plaintiffs inherited the house, a fire damaged the house. Plaintiffs filed a claim for the fire damage under the Foremost insurance policy.

Then, CIT foreclosed on the mortgage and sold the house at the foreclosure sale to Defendant Federal National Mortgage Association. Later, CIT, which was then operating as "Financial Freedom, a Division of OneWest Bank," and Fannie Mae both filed claims for the fire damage under the Foremost insurance policy.

On February 22, 2016, Foremost issued a proceeds check for the fire damage claim in the amount of $62,262.13. Foremost wrote the check payable to

2

>Financial Freedom, a Division of Onew [sic]
>Estate of Catherine Getaw

(Doc. 63 at ¶ 90; Doc. 63-14).

Plaintiffs allege that CIT endorsed and deposited the check into its account without Plaintiffs' signatures as personal representatives of their mother's estate and transferred some or all of those funds to Fannie Mae. (Doc. 63 at ¶¶ 103, 108). Plaintiffs demanded that CIT and Fannie Mae give the proceeds to Plaintiffs. CIT and Fannie Mae refused. This lawsuit followed. Plaintiffs also brought suit against Foremost, but the court dismissed all claims against the insurance company on September 13, 2019. (*See* Doc. 102).

Plaintiffs bring two claims against CIT and Fannie Mae: (1) declaratory judgment that only Plaintiffs are entitled to the insurance proceeds; and (2) conversion of the proceeds check.

Defendants move to dismiss CIT Group as a defendant in this case because, according to Defendants, the amended complaint does not allege any specific facts against CIT Group besides the fact that it is the parent company of CIT Bank. And Defendants move to dismiss the conversion claim because they contend that the UCC provides that either party named as payee on the check from Foremost could deposit the check without the consent of the other.

The court address each of Defendants' contentions in turn.

## III. ANALYSIS

### A. Defendant CIT Group, Inc.

Defendants assert that CIT Group should be dismissed as a defendant from this case because the amended complaint does not specifically allege any facts against CIT Group, and instead only alleges facts against CIT Bank. According to Defendants, Plaintiffs named CIT Group as a defendant only because CIT Bank is a subsidiary of CIT Group. The court disagrees.

Plaintiffs allege several specific facts against "CIT" in their amended complaint and state that "CIT" refers to both CIT Bank and CIT Group. (Doc. 63 at ¶ 9). So Plaintiffs allege each fact underlying their declaratory judgment and conversion claim against both Defendants. Thus, CIT Group, like CIT Bank, has "adequate notice of the claims against [it] and the factual allegations that support those claims." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1325 (11th Cir. 2015). The court will not dismiss CIT Group as a defendant.

### B. Conversion

Next, Defendants contend that Plaintiffs have failed to state a plausible claim for conversion because the UCC provides that CIT could enforce the insurance proceeds check without Plaintiffs' consent. For the following reasons, the court agrees.

First, the court must make a choice of law. Plaintiffs contend that Alabama

common-law governs their conversion claim, while CIT contends that the UCC governs. Specifically, CIT asserts that the UCC applies because the UCC has "displaced" the common-law cause of action for the conversion of a check.

The Alabama Supreme Court has established the test for determining whether the UCC has displaced a common-law cause of action. According to the Alabama Supreme Court, if a UCC provision "provides a cause of action relating to a specific factual situation in a specific manner, then any common-law cause of action based upon a factual situation so materially identical that it is clearly within the specific scope of the provision must be said to have been 'displaced' . . . ." *Am. Liberty Ins. Co. v. AmSouth Bank*, 825 So. 2d 786, 795 (Ala. 2002). The facts of this case satisfy the displacement test.

The UCC explicitly provides a cause of action for the conversion of an instrument. *See* Ala. Code § 7-3-420 ("Conversion of instrument. . . . (a) An instrument is converted under circumstances which would constitute conversion under personal property law. . . ."); Alabama Comment to Ala. Code § 7-3-420 ("The first sentence of revised § 3-420 provides a statutory definition of conversion in actions based on instruments."). And the insurance proceeds check at issue in this case qualifies as an instrument under the UCC. *See* Ala. Code § 7-3-104(a) (definition of instrument).

So the UCC provides a cause of action for the conversion of the check in this

case. Thus, the UCC "displace[s]" the "materially identical" Alabama common-law cause of action for the conversion of the check because it is "clearly within the specific scope of [the UCC]." *Am. Liberty*, 825 So. 2d at 795; *see Cont'l Cas. Co. v. Compass Bank*, 2006 WL 566900, at *13 (S.D. Ala. Mar. 6, 2006) (finding that the UCC displaced a common-law cause of action for conversion of a check brought by the issuer against the depositary bank).

Having found that the UCC governs Plaintiffs' conversion claim, the court next analyzes whether they have stated a plausible conversion claim under the UCC.

The UCC establishes that the conversion of a check occurs "under circumstances which would constitute conversion under personal property law." Ala. Code § 7-3-420. So the question becomes whether CIT's deposit of the insurance proceeds check constitutes conversion under personal property law.

Under Alabama personal property law, "[c]onversion requires a *wrongful* exercise of dominion over property in exclusion or defiance of a plaintiff's rights." *Limbaugh v. Pierce, Fenner & Smith, Inc.*, 732 F.2d 859, 863 (11th Cir. 1984) (emphasis added) (quotation omitted). And the UCC establishes what is "wrongful" in the circumstances of this case.

When a check names two or more persons as payees, who can enforce the check depends on whether the check is payable "alternatively." *See* Ala. Code § 7-

3-110(d). If the check *is* payable to two or more persons alternatively, then the check "is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument." *Id.* If the check *is not* payable to two or more persons alternatively, then the check "may be negotiated, discharged, or enforced only by all of them." *Id.* And if a check "payable to two or more persons is *ambiguous* as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively." *Id.* (emphasis added).

Generally, a check that states "or" between two payees is payable alternatively; either the first payee *or* the second payee can enforce the check. *See, e.g.*, *Socar, Inc. v. Regions Bank (Inc.)(Alabama)*, 2006 WL 1734268, at *3 (N.D. Ga. June 19, 2006) (collecting cases identifying "or" as an indicator of a check payable alternatively). A check that states "and" between two payees is not payable to either payee alternatively; only the first payee *and* the second payee can enforce the check. *See, e.g.*, *Supreme Const. Corp. v. Bank of Am. Corp.*, 2011 WL 6070044, at *3 (S.D. Fla. Dec. 6, 2011) ("The description of checks that listed Plaintiff among other payees, separated by the word 'and' . . . creates the necessary factual basis to claim conversion.").

Here, the check does not say "Financial Freedom <u>or</u> Estate of Catherine Getaw," which would be a check payable alternatively, or "Financial Freedom <u>and</u>

7

Estate of Catherine Getaw," which would be a check not payable alternatively. Instead, the check simply stacks the names of the two payees in the "To The Order Of" section. (Doc. 63-14). So the check is ambiguous as to whether it is payable alternatively. *See Socar*, 2006 WL 1734268, at *3, *5 ("[C]ourts analyzing the revised UCC . . . have held as a matter of law that checks containing 'stacked' endorsements without any grammatical connectors are ambiguous . . . "; identifying "substantial precedent holding that stacked payees are ambiguous").

Because the check is ambiguous as to whether it is payable to both payees alternatively, the check is payable alternatively. Ala. Code § 7-3-110(d). So CIT could enforce the check without Plaintiffs' consent and thus did not convert the check under Ala. Code § 7-3-420. So the court will dismiss the conversion claim against CIT.

## IV. CONCLUSION

For the reasons stated above, by separate order, the court will **DENY IN PART** and **GRANT IN PART** CIT's partial motion to dismiss. (Doc. 73). Specifically, the court will **DENY** the motion to dismiss as to CIT Group; CIT Group will remain as a defendant in this case. But the court will **GRANT** the motion to dismiss as to the conversion claim against CIT Bank and CIT Group and will **DISMISS** that claim **WITHOUT PREJUDICE**. This case will proceed with the declaratory judgment claim against CIT Bank, CIT Group, and Fannie Mae,

8

and the conversion claim against Fannie Mae.

**DONE** and **ORDERED** this 17th day of September, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE