UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEANETTE BENNETT and MAGGIE BELL, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF CATHERINE GETAW, DECEASED,** )<br>)<br>)<br>)<br>)<br>) | )<br>)<br>)<br>**CIVIL ACTION NO.**<br>**2:18-CV-00852-KOB** |
| **Plaintiffs,** ) | |
| **v.** ) | |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION,** )<br>)<br>) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

After a long and twisted journey, the only claim remaining for trial in this case is Plaintiffs' claim for declaratory judgment as to the rights and obligations of the parties to the insurance proceeds of the collateral that secured Ms. Getaw's home equity conversion loan agreement. After the bench trial of this case, on September 16, 2021, the court pronounced its ruling in open court.

The court adopted the stipulated facts in the Pretrial Order, (doc. 158), with a few modifications as stated on the Record. The court also made additional findings of fact on the Record.

The court also adopted the following agreed principles of law that the parties submitted to the court prior to trial:

> 1. Alabama law governs in this case. Further, "federal courts sitting in diversity jurisdiction, as in this case, must apply the choice of law of the state in which the court sits." *St. Paul Fire & Marine Ins. Co. v. ERA Oxford Realty Co. Greystone, LLC*, 572 F.3d 893, 894 n.1 (11th Cir. 2009). "Under Alabama law, the court will 'enforce, as it is written, an unambiguous and lawful contract." *Drummond Co.,*

1

*Inc. v. Walter Industries, Inc*., 962 So. 2d 753, 780 (Ala. 2006) (citing *Ex parte University of South Alabama*, 812 So. 2d 341 (Ala. 2001)). A court should not go outside of the four corners of the instrument to interpret a contract unless the contract contains an ambiguity. *Kershaw v. Kershaw*, 848 So. 2d 942, 955 (Ala. 2002); *see also J.C. Penney Corp., Inc. v. Oxford Mall, LLC*, No. 1:19-CV-00560-KOB, 2020 WL 5057759, at *6 (N.D. Ala. Aug. 27, 2020), *reconsideration denied*, No. 1:19-CV-560-KOB, 2020 WL 6899148 (N.D. Ala. Nov. 24, 2020). . . .

2. Generally, under Alabama contract law, the court reads the whole of the contract and, where there is no indication that the terms of the contract are used in a special or technical sense, the court will give the terms their "clear and plain meaning." *Ex parte Dan Tucker Auto Sales, Inc.*, 718 So. 2d 33, 36 (Ala. 1998). If the court determines that the contract does not contain any ambiguous terms, then the court will "presume that the parties intended what the terms of the agreement clearly state." *Id.*

3. The devolution of a decedent's property, real and personal, is subject to the rights of creditors. *See* Ala. Code § 43-2-830(b)(2)(c).

4. The Alabama Code defines "Insurable Interest" as "any actual, lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction or pecuniary damage or impairment." Ala. Code § 27-14-4 (b); *see also, Custer v. Homeside Lending, Inc.,* 858 So. 2d 233, 247-48 (Ala. 2003).

5. "Under Alabama law, the 'person who … becomes entitled to the money … secured [by a mortgage],'" is "the owner of the debt, not one who is a mere collecting agent for the owner of the debt." *Nelson v. Federal Nat. Mortg. Ass'n*, 97 So. 3d 770, 776 (Ala. Civ. App. 2012) (citing Ala. Code § 35-10-12); *see also, Perry v. Fannie Mae,* 100 So. 3d 1090, 1099 (Ala. App. 2012) (The legal right to the enforce the mortgage is "not dependent upon its being the assignee of the mortgage.").

6. Alabama recognizes and enforces the "foreclosure after loss" rule in which the "mortgagee forfeits its rights to recover under an insurance policy for a loss that occurs before foreclosure if the foreclosure sale fully satisfies the mortgage debt." *Nationwide Mut. Fire Ins. Co. v. Wilborn*, 279 So. 2d 460, 465 (Ala. 1973). Under the "foreclosure after loss" rule, if "the foreclosure sale does not bring the full amount of the mortgage debt at the time of the loss, he may recover the balance due under the insurance policy as owner." *Wilborn*, 279 So. 2d at 462.

7. Per Alabama statute, "[a]ll bonds, writings, and contracts for the payment of money, or other thing, or the performance of any act or duty, are assignable by endorsement so as to authorize an action thereon by each successive endorsee." Ala. Code § 8-5-20; *see also, Conf. Am., Inc. v. Telecomms. Coop. Network*, 885

So. 2d 772, 776 (Ala. 2003).

In summation, for the reasons stated on the record, the court **DECLARES** that Fannie Mae proved that it was entitled to receive the proceeds of the insurance on the mortgaged property in partial satisfaction of the loan. The court further finds that Plaintiffs are entitled to the excess in proceeds in the amount of $11,853.43. Fannie Mae through CIT tendered that amount to the attorney for the Getaw estate on October 28, 2016. (*See* Def.'s Ex. 21, Copy of Check; Def.'s Ex. 18, letter to estate attorney with accounting referencing check; *see also* Def.'s Ex. 13 at Bates 515). The estate never cashed the check.

The court declares that the Plaintiffs failed to meet their burden to prove they are entitled to any more of the insurance proceeds than $11,853.43. Further, because Plaintiffs received the total amount due them by check dated October 28, 2016, they are not entitled to pre-judgment interest.

Finally, the court **AMENDS** its ruling on the record as follows:

Because the Plaintiffs failed to prove that they are entitled to any more than the $11,853.43 that Fannie Mae previously tendered to them, the court will enter judgment in favor of Defendant Fannie Mae and against the Plaintiffs. However, because the check issued to the estate may no longer be negotiable, the court instructs Fannie Mae to reissue the check to the estate if necessary.

**DONE** and **ORDERED** this 16th day of September, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE

3